UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE FERNANDEZ, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>GAINFUL HEALTH, INC.,<br><br>              Defendant. | Case No. 25-cv-02696-AS |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

DAVIS WRIGHT TREMAINE LLP

Jacob M. Harper (*pro hac vice*)
Katelyn A. Feliciano (*application pending*)
Daniel Imakyure (*application pending*)

350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
jacobharper@dwt.com
katelynfeliciano@dwt.com
danielimakyure@dwt.com

*Counsel for Defendant*
*Gainful Health, Inc.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .................................................................................................................... 2

THE COURT SHOULD DISMISS THE COMPLAINT ............................................................ 3

    A.    Gainful's Website is Not a "Public Accommodation." ....................................... 4

    B.    Ms. Fernandez Fails to Allege Standing With the Requisite Specificity............ 6

    C.    Ms. Fernandez's Claims Fail for Additional Reasons. ....................................... 8

    D.    The Court Should Decline to Exercise Supplemental Jurisdiction Over the NYCHRL Claim. ................................................................................................................ 8

    E.    The Court Should Dismiss the Complaint With Prejudice. ................................. 9

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bos. Ret. Sys. v. Telefonaktiebolaget LM Ericsson*,
   WL 4023842, at *6 (2d Cir. Sept. 3, 2024)..................................................................10

*Burbon v. Needlepaint LLC*,
   2022 WL 21781622 (E.D.N.Y. Apr. 5, 2022) ..................................................................5

*Calcano v. Swarovski North Am. Ltd.*,
   36 F.4th 68 (2d Cir. 2022) ................................................................................................7

*Camarillo v. Carrols Corp.*,
   518 F.3d 153 (2d Cir. 2008)..............................................................................................4

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988)..........................................................................................................9

*Cinema Vill. Cinemart, Inc. v. Regal Ent. Grp.*,
   708 F. App'x 29 (2d Cir. 2017).........................................................................................9

*Cuoco v. Moritsugu*,
   222 F.3d 99 (2d Cir. 2000)..............................................................................................10

*D.H. v. City of New York*,
   309 F. Supp. 3d 52 (S.D.N.Y. 2018).............................................................................6, 8

*EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*,
   309 F. Supp. 3d 89 (S.D.N.Y. 2018).................................................................................8

*First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*,
   385 F.3d 159 (2d Cir. 2004)......................................................................................1, 3, 9

*Ford v. Schering–Plough Corp.*,
   145 F.3d 601 (3d Cir. 1998)..............................................................................................5

*Gil v. Winn-Dixie Stores, Inc.*,
   993 F.3d 1266 (11th Cir. 2021), *vacated for mootness*, 2021 WL 6129128 (11th Cir. Dec. 28, 2021) ...............................................................................................................................5

*Gregoire v. Citizens Bank*,
   2021 WL 4127076 (2d Cir. Sept. 10, 2021) .....................................................................8

*Int'l Leisure Prods., Inc. v. Sunnylife Australia*,
   745 F. App'x 180 (2d Cir. 2018).......................................................................................9

*Khen v. US Coachways, Inc.*,
  2025 WL 252901 (S.D.N.Y. Jan. 21, 2025) ...................................................................5, 8

*Kreisler v. Humane Soc'y of New York*,
  2018 WL 4778914 (S.D.N.Y. Oct. 3, 2018) ........................................................................7

*Kreisler v. Second Ave. Diner Corp.*,
  731 F.3d 184 (2d Cir. 2013)...................................................................................1, 3, 6

*Loadholt v. Oriental-Decor.com Inc.*,
  2024 WL 78243 (S.D.N.Y. Jan. 4, 2024) .R&R adopted sub nom Loadholt v. Oriental-
  Decor.com Inc., 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024)...............................................6, 7

*Martinez v. MyLife.com, Inc.*,
  2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021)............................................................................4

*Mejia v. High Brew Coffee Inc.*,
  2024 WL 4350912 (S.D.N.Y. Sept. 30, 2024).................................................................4, 9, 10

*Mendez v. Apple Inc.*,
  2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ........................................................................7

*Pallozzi v. Allstate Life Ins. Co.*,
  198 F.3d 28 (2d Cir. 1999)..................................................................................................6

*Powell v. Nat'l Bd. of Med. Exam'rs*,
  364 F.3d 79 (2d Cir. 2004)..................................................................................................6

*Rand v. Travelers Indem. Co.*,
  637 F. Supp. 3d 55 (S.D.N.Y. 2022)....................................................................................8

*Sookul v. Fresh Clean Threads, Inc.*,
  754 F. Supp. 3d 395 (S.D.N.Y. 2024)..................................................................................4

*Valencia ex rel. Franco v. Lee*,
  316 F.3d 299 (2d Cir. 2003)................................................................................................9

*Weyer v. Twentieth Century Fox Film Corp.*,
  198 F.3d 1104 (9th Cir. 2000) ............................................................................................5

*Winegard v. Newsday LLC*,
  556 F. Supp. 3d 173 (E.D.N.Y. Aug. 16, 2021) .............................................................3, 4, 6

**Federal Statutes**

28 U.S.C.A. § 1367(c)(3)...................................................................................................9

42 U.S.C. § 12181(7) ........................................................................................................5

42 U.S.C. § 12182 (ADA) .................................................................................................... *passim*

42 U.S.C. § 12182(a) ........................................................................................................................4

**State Statutes**

New York City Human Rights Law........................................................................................ *passim*

**Rules**

Federal Rule of Civil Procedure 6(a)(1)(c).......................................................................................3

Federal Rule of Civil Procedure 11 ..............................................................................................3, 5

Local Rule 6.1...................................................................................................................................3

**PRELIMINARY STATEMENT**

Since 2024, serial plaintiff Jacqueline Fernandez and her attorney Rami Salim have flooded this court with cookie-cutter lawsuits, leveling baseless ADA claims against dozens of businesses. In this latest iteration, Ms. Fernandez alleges she was harmed when she visited Defendant Gainful Health, Inc.'s (Gainful) website, which she alleges is not equally accessible to blind and visually impaired consumers. Despite Second Circuit precedent to the contrary, Ms. Fernandez alleges violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182 *et seq.,* and the New York City Human Rights Law (NYCHRL), N.Y.C. Administrative Code § 8-107(4)(a). Her claims fail for myriad reasons.

*First*, Ms. Fernandez fails to state an ADA or NYCHRL claim because Gainful's website is not a "public accommodation" within the scope of either law. Courts in this Circuit have repeatedly held that the ADA's definition of "public accommodation" refers to physical places and does not encompass stand-alone websites. Ms. Fernandez alleges no denial of access to any physical location, nor could she—Gainful operates exclusively online and does not maintain a physical storefront.

*Second*, Ms. Fernandez lacks standing. Because injunctive relief is the sole remedy available under Title III of the ADA, a plaintiff must allege with *specificity*: (1) a past injury under the statute; (2) a reasonable expectation of future harm; and (3) a plausible intent to return. Because Gainful's website is not a "public accommodation," Ms. Fernandez cannot allege past injury. Further, Ms. Fernandez's conclusory allegations that she "intends to visit the website … if it is made accessible" fall far short of this Circuit's specificity requirements. Her NYCHRL claim fails for lack of standing for the same reasons her ADA claim fails.

*Finally*, Ms. Fernandez's claims warrant dismissal for other reasons. Her third cause of action seeks declaratory relief, but such a request is not an independent cause of action. And even

1

if her NYCHRL claim were viable (it is not), this Court should decline to exercise supplemental jurisdiction once the federal claim is dismissed.

Ms. Fernandez does not, and cannot, allege either that Gainful operates a place of public accommodation or that she has standing to bring these claims. Her complaint should be dismissed in its entirety with prejudice.

## BACKGROUND

Gainful sells various health and athletic supplements via its website, Gainful.com. (Compl. ¶ 20–21.) On April 1, 2025, Ms. Fernandez filed this action alleging that Gainful's website "is not equally accessible to blind and visually impaired Consumers" purportedly constituting violations of the ADA and NYCHRL. (Compl. ¶ 6.) She claims to be "a blind, visually-impaired handicapped person" (*id*. ¶ 17) and alleges that she visited Gainful's website, "multiple times, most recently on August 29, 2024" and "encountered barriers that denied the full and equal access to Defendant's online goods, content, and services." (*Id*. ¶ 20.) Conspicuously absent from the Complaint are any allegations that Ms. Fernandez visited, or that Gainful even operates, a physical location connected to its website.

Ms. Fernandez's complaint is just one of the latest in a long line of frivolous ADA website claims brought by Rami Salim or his firm Stein Saks, PLCC. In each case, Ms. Fernandez makes vague claims that she attempted to make purchases from a copy/paste defendant's website that in some form "is not equally accessible to blind and visually impaired consumers," along with cursory assertions that she intends to visit that website again. Mr. Salim and Ms. Fernandez have filed at least 55 such ADA claims since 2024, 4 of which were filed on the same date as this action, with 5 additional ADA claims since then. (Declaration of Jacob M. Harper (Harper Decl.) ¶ 2; Ex. A (appendix of cases).)

On May 21, 2025, based on the Court's guidance in its April 3, 2025 Notice of Pretrial Conference (ECF No. 5) (the Notice), Gainful's counsel sent a letter via email to Ms. Fernandez and Mr. Salim, requesting voluntary dismissal of the Complaint. (Harper Decl. ¶ 3; Ex. B (Letter).) Among other defects, Gainful's counsel advised that under *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173 (E.D.N.Y. Aug. 16, 2021), websites, such as Gainful's, that are unconnected to a physical location are not "public accommodations" under the ADA, and thus cannot support a claim under the ADA or NYCHRL. (*Id.*) The letter also raised concerns under Federal Rule of Civil Procedure 11, noting that Ms. Fernandez and Mr. Salim have a history of filing similar types of copy-and-paste claims, which courts have found to be abusive of judicial process. (*Id.*) Less than three minutes later, Mr. Salim responded that he would "not be voluntarily dismissing the action." (*Id.* ¶ 4; Ex. C (Email).) Counsel for the parties were otherwise unable to resolve the defects in Ms. Fernandez's complaint. (*Id.*) Gainful's Motion to Dismiss timely follows.[1]

## **THE COURT SHOULD DISMISS THE COMPLAINT**

Ms. Fernandez fails to state a claim for under either the ADA and NYCHRL because she does not—and cannot—allege the threshold elements required under either statute. *First*, her claims fail as a matter of law because Gainful's website is not a "public accommodation" within the meaning of the ADA or NYCHRL. *Second*, Ms. Fernandez lacks standing, as her Complaint contains only boilerplate assertions and fails to specifically allege, among other things, plausible intent to return. *Third*, Ms. Fernandez improperly asserts a claim for declaratory relief, which is not a standalone cause of action.

---

[1] On May 1, 2025, the parties stipulated to extend the responsive deadline in this matter to May 31, 2025 which is a Saturday. (ECF. No. 7 (Letter Motion) at 1.) In accordance with Local Rule 6.1 and Federal Rule of Civil Procedure 6(a)(1)(c), Gainful's effective responsive deadline is June 2, 2025, the "next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. (6)(a)(1)(c).

3

Finally, even if Ms. Fernandez's NYCHRL claim had any merit on its own, the Court should decline to exercise supplemental jurisdiction over it. Because the Complaint's core deficiency—that Gainful.com falls outside the scope of the relevant statutory definitions—cannot be cured through amendment, dismissal should be with prejudice.

**A.      Gainful's Website is Not a "Public Accommodation."**

Ms. Fernandez's ADA and NYCHRL claims fail because Gainful's standalone website is not a "public accommodation" within the scope of either statute. To state a claim under Title III of the ADA, Ms. Fernandez must allege: (1) that she is disabled within the meaning of the ADA; (2) that Gainful owns, leases, or operates a place of public accommodation; and (3) that Gainful discriminated against her by denying her a full and equal opportunity to enjoy the services Gainful provides. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *see* 42 U.S.C. § 12182(a). Ms. Fernandez fails to allege that Gainful.com is a "public accommodation."

Courts in this Circuit have repeatedly held that the ADA's definition of "public accommodation" refers to physical places and does not encompass stand-alone websites, such as Gainful.com, that are unconnected to any physical storefront. *See Winegard*, 556 F. Supp. 3d at 180 ("the ADA's definition of 'public accommodation' clearly refers to physical places"); *Sookul v. Fresh Clean Threads, Inc.*, 754 F. Supp. 3d 395, 409–14 (S.D.N.Y. 2024) (applying *Winegard* and rejecting ADA claims against online-only businesses); *Mejia v. High Brew Coffee Inc.*, 2024 WL 4350912, at *6 (S.D.N.Y. Sept. 30, 2024) (dismissing ADA and NYCHRL claims for failure to state a claim because "a stand-alone website is not a place of public accommodation under Title III of the ADA"). This is because the plain text of Title III of the ADA "contemplates inclusion of only businesses with a physical location[.]" *Martinez v. MyLife.com, Inc.*, 2021 WL 5052745, at *2 (E.D.N.Y. Nov. 1, 2021).

Here, Ms. Fernandez alleges no denial of access to or at any physical location. She also does not allege that Gainful operates a brick-and-mortar storefront, or that any physical location is connected to her claim.[2] She in fact, explicitly states that her only interaction with Gainful was conducted online, via its website. (Compl ¶ 23–30.) Because Ms. Fernandez fails to make any allegations of "an address or any other factual information from which the Court could even infer that Defendant has a 'public-facing, physical retail operation'" she cannot even establish that Gainful.com is subject to the ADA. *Burbon v. Needlepaint LLC*, 2022 WL 21781622, at *4 (E.D.N.Y. Apr. 5, 2022) (website unconnected to public-facing physical storefront not subject to the ADA). This Court should rule as several courts within this Circuit and the majority of circuit courts have held—a website does not constitute a public accommodation absent a nexus to a physical location. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (insurance policy not a public accommodation—"All the items on [the ADA list of public accommodations] ... have something in common. They are actual, physical places[.]"); *Ford v. Schering–Plough Corp.*, 145 F.3d 601, 614 (3d Cir. 1998) ("Pursuant to the doctrine of noscitur a sociis ... we do not find the term 'public accommodation' or the terms in 42 U.S.C. § 12181(7) to refer to non-physical access or even to be ambiguous as to their meaning."); *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1277 (11th Cir. 2021) ("[W]ebsites are not a place of public accommodation under Title III of the ADA."), *vacated for mootness*, 2021 WL 6129128 (11th Cir. Dec. 28, 2021).

Further, Ms. Fernandez's NYCHRL claim fails for the same reason—that statue also requires her to show Gainful.com is a public accommodation. *Khen v. US Coachways, Inc.*, 2025 WL 252901, at *6 (S.D.N.Y. Jan. 21, 2025) (N.Y.C. Admin. Code § 8-107(4)(a) prohibits

---

[2] Nor could she under Rule 11, as Gainful has no physical storefront, operating exclusively online.

discrimination only in places of "public accommodation"); *D.H. v. City of New York*, 309 F. Supp. 3d 52, 80–81 (S.D.N.Y. 2018) (NYCHRL inapplicable unless the defendant at issue is a "place or provider of public accommodation"). Accordingly, Gainful's website is not a public accommodation subject to the ADA or NYCHRL, and the Complaint should be dismissed.

To the extent Ms. Fernandez may rely on decisions in this Circuit that extend the definition of "public accommodation" to websites, *Winegard* properly rejected that reasoning. As *Winegard* explains, such decisions rely on a misapplication of *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999), which dealt with a physical insurance office, not a website. *Winegard*, 556 F. Supp. 3d at 181–82. *Winegard*, in fact, makes clear that *Pallozzi* did *not* expand the ADA's definition of "public accommodation" to include websites, rather it clarified that once a physical place is established, its goods and services fall within the ADA's ambit. *Winegard*, 556 F. Supp. 3d at 181. Decisions misapplying *Pallozzi* are thus unpersuasive and inapposite here.

**B.      Ms. Fernandez Fails to Allege Standing With the Requisite Specificity.**

Ms. Fernandez lacks standing to bring this action because she fails to allege any plausible intent to return to Gainful's website. The only remedy available under Title III of the ADA is injunctive relief. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004). To establish standing for such relief, Ms. Fernandez must make *specific* allegations of: (1) past injury under the ADA; (2) a reasonable inference that the discriminatory treatment will continue; and (3) a plausible intent to return to the place at issue. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). To establish plausible intent to return, the Second Circuit requires "*specific* factual allegations to establish standing, such as details about a plaintiff's past visits to a defendant's website, the reasoning behind a plaintiff's desire for a particular product, and an explanation of a plaintiff's need to purchase products from the particular website in question." *Loadholt v. Oriental-Decor.com Inc.*, 2024 WL 78243, at *4 (S.D.N.Y. Jan. 4, 2024) (emphasis

6

added).*R&R adopted sub nom Loadholt v. Oriental-Decor.com Inc.*, 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024) (Subramanian, A.).  Because, as explained *supra* III.A., Gainful's standalone website is not a "public accommodation" subject to the ADA, Ms. Fernandez fails to establish past injury under the ADA.  She also fails to allege intent to return with the requisite specificity.

Courts regularly reject conclusory intent-to-return allegations similar to those advanced here.  In *Loadholt*, allegations a plaintiff "would still like to return to the Website to browse and potentially purchase these products once the online store is made accessible to him, and intends to do so once the site is made accessible" were insufficient to establish standing.  2024 WL 78243, at *4.  Similarly in *Calcano v. Swarovski North Am. Ltd.*, plaintiff's claims that he had "been a customer at Defendant's [business] on prior occasions and intends to immediately [make purchases] from the Defendant" were insufficient, because, the court explained, standing is not based on "whether plaintiff pleads the magic words [they] 'intend[] to return.'"  36 F.4th 68, 75 (2d Cir. 2022).

Ms. Fernandez alleges far less.  The Complaint contains only cursory assertions that "Plaintiff intends to attempt to access the Website in the future to purchase products and services" (Compl. ¶ 29) and "intends to visit the Website in the near future if it is made accessible" (*id.* ¶ 51).  These statements are precisely the type of speculative, conclusory allegation deemed insufficient for ADA standing under well-settled precedent.  For the same reasons, Ms. Fernandez fails to establish standing for her NYCHRL claim, as standing under that statute is subject to the same Article III requirements as the ADA.  *Mendez v. Apple Inc.*, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) (finding lack of standing under ADA and for the same reasons under NYCHRL); *Kreisler v. Humane Soc'y of New York*, 2018 WL 4778914, at *6, *8 n.5 (S.D.N.Y. Oct. 3, 2018) (lack of ADA standing equates to lack of NYCHRL standing).

The Court should thus dismiss Ms. Fernandez's claims for lack of standing.

**C.      Ms. Fernandez's Claims Fail for Additional Reasons.**

Ms. Fernandez's third cause of action fails as a matter of law because requests for declaratory relief do not constitute a standalone cause of action. *Rand v. Travelers Indem. Co.*, 637 F. Supp. 3d 55, 72 (S.D.N.Y. 2022) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, does not create an independent cause of action."); *see also Gregoire v. Citizens Bank*, 2021 WL 4127076, at *2 (2d Cir. Sept. 10, 2021). Rather, "[i]ts operation is procedural only …[a] court may only issue a declaratory judgment where a party has a substantive legal entitlement to such relief." *Rand*, 637 F. Supp. 3d at 72. To the extent Ms. Fernandez's ADA claim is dismissed, any request for declaratory relief should be dismissed as well. Courts routinely reject declaratory judgment claims where adjudication of the direct claim will necessarily resolve the issues for which declaratory relief is sought. *See, e.g., EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 100 (S.D.N.Y. 2018) (dismissing claim for declaratory relief where contract claims would settle issues for which declaratory judgment was sought).

**D.      The Court Should Decline to Exercise Supplemental Jurisdiction Over the NYCHRL Claim.**

Ms. Fernandez's NYCHRL claim fails for the same fundamental reason as her ADA claim—her incorrect assertion that Gainful's standalone website qualifies as a "public accommodation." *See Khen v. US Coachways, Inc.*, 2025 WL 252901, at *6 (S.D.N.Y. Jan. 21, 2025) (N.Y.C. Admin. Code § 8-107(4)(a) prohibits discrimination only in places of "public accommodation"); *D.H. v. City of New York*, 309 F. Supp. 3d 52, 80–81 (S.D.N.Y. 2018) (NYCHRL inapplicable unless the defendant at issue is a "place or provider of public accommodation").

But even assuming Ms. Fernandez's NYCHRL claim was otherwise viable, dismissal is still warranted following the Court's dismissal of "all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3). When all federal claims are dismissed, district courts routinely decline to exercise supplemental jurisdiction over any remaining state or local claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."). This is because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). *See also First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) ("If the federal claims are dismissed before trial, the state claims should be dismissed as well."); *Mejia v. High Brew Coffee Inc.*, 2024 WL 4350912, at *6 (dismissing NYCHRL claims following ADA claim dismissal).

Such is the case here. Because Ms. Fernandez fails to state a viable ADA claim, there is no remaining basis for original jurisdiction. Accordingly, if her NYCHRL claim is not dismissed on the merits, the Court should decline to exercise supplemental jurisdiction.

## E. The Court Should Dismiss the Complaint With Prejudice.

District courts exercise their discretion to dismiss defective complaints with prejudice when amendment would not cure pleading defects. *Mejia*, 2024 WL 4350912, at *6 (denying leave to amend following dismissal on grounds that a stand-alone website is not a place of public accommodation under the ADA); *Cinema Vill. Cinemart, Inc. v. Regal Ent. Grp.*, 708 F. App'x 29, 32 (2d Cir. 2017) (affirming dismissal with prejudice where plaintiff failed to show how amendment could cure complaint deficiencies); *Int'l Leisure Prods., Inc. v. Sunnylife Australia*,

9

745 F. App'x 180, 181 (2d Cir. 2018) (no abuse of discretion dismissing with prejudice where "amendment would not cure [plaintiff's] pleading deficiencies").[3]

Ms. Fernandez's complaint suffers from the same incurable fundamental flaw as the complaint in *Mejia*: the standalone website alleged to be the source of the ADA violation does not constitute a "public accommodation" within the meaning of the ADA.  The Court should thus dismiss with prejudice.

## CONCLUSION

For the foregoing reasons, Gainful respectfully requests the Court dismiss Ms. Fernandez's complaint in full, with prejudice.

Dated: Los Angeles, California
June 2, 2025

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
Jacob M. Harper (*pro hac vice*)

Katelyn A. Feliciano (*application pending*)
Daniel Imakyure (*application pending*)

350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
jacobharper@dwt.com
katelynfeliciano@dwt.com
danielimakyure@dwt.com

*Counsel for Defendant
Gainful Health, Inc.*

---

[3] *See also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[A] futile request to replead should be denied."); *Bos. Ret. Sys. v. Telefonaktiebolaget LM Ericsson*, WL 4023842, at *6 (2d Cir. Sept. 3, 2024) (dismissal with prejudice proper where amendment would be futile).

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count of this memorandum of law complies with the word limits of Local Civil Rule 7.1(c) and Judge Arun Subramanian's Individual Practices. According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) is 3202 words. I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 2, 2025
Los Angeles, California

*/s/ Jacob M. Harper*
Jacob M. Harper