UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE FERNANDEZ, on behalf of herself and all others similarly situated, | |
| Plaintiff, | 25-cv-2696 (AS) |
| -against- | |
| GAINFUL HEALTH, INC., | OPINION AND ORDER |
| Defendant. | |

ARUN SUBRAMANIAN, United States District Judge:

Jacqueline Fernandez sued Gainful Health, Inc. under the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, and state law alleging that she was blind and unable to use Gainful's website as it was not made accessible for screen-reading technology. For the reasons below, the Court GRANTS Gainful's motion to dismiss the federal claims and declines to exercise supplemental jurisdiction over the state-law claims.

## BACKGROUND

Fernandez is legally blind. Dkt. 1 ¶ 2. She states in her complaint that she discovered Gainful's website after searching on Google. *Id.* ¶ 23. She alleges that the website was not compatible with screen-access programs, which allow blind individuals to navigate the internet, and that she therefore was not able to purchase the product she sought from the website. *Id.* ¶ 25.

Fernandez filed this lawsuit on April 1, 2025. Dkt. 1. She alleges that the website's incompatibility with screen-access programs violates the ADA and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code. § 8-107(4)(a). *Id.* ¶¶ 70–90. She sought injunctive relief, declaratory relief, and damages. *Id.* at 21–22. Gainful moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 13.

## LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298–99 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 299 (quoting *Iqbal*, 556 U.S. at 678). When evaluating whether a complaint clears this bar, the Court must "accept[] all factual allegations in the complaint as true[] and draw[] all reasonable inferences in the plaintiff's favor." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).

## DISCUSSION

### I.    The ADA does not apply to standalone websites

The ADA applies only to "place[s] of public accommodation." 42 U.S.C. § 12182(a). A threshold question before the Court, therefore, is whether a standalone website qualifies as a "public accommodation."

The ADA defines "public accommodation" by listing twelve exhaustive categories of establishments that qualify. 42 U.S.C. § 12181(7). One of the categories is "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." *Id.* § 12181(7)(E). Because no other part of the definition could apply here, the question is whether this provision requires a physical storefront or if it also includes online-only website businesses.

Although the Second Circuit has not answered the question, whether the ADA applies to online-only retailers is not a question of first impression. Most circuits to address the question have concluded that the ADA does not cover transactions divorced from any physical premises. *See Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613–14 (3d Cir. 1998); *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1011-12 (6th Cir. 1997) (en banc); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000); *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1276–77 (11th Cir. 2021), *vacated on reh'g on other grounds*, 21 F.4th 775 (2021). But at least two circuits have concluded the opposite. *See Carparts Distrib. Ctr. v. Auto. Wholesaler's Ass'n of New Eng.*, 37 F.3d 12, 19–20 (1st Cir. 1994); *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999).

Several district courts in this circuit have concluded that the ADA does not apply to online-only storefronts. *See, e.g.*, *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173, 176–182 (E.D.N.Y. 2021); *Sookul v. Fresh Clean Threads, Inc.*, 754 F. Supp. 3d 395, 408–412 (S.D.N.Y. 2024); *Mejia v. High Brew Coffee Inc.*, 2024 WL 4350912, at *3–*7 (S.D.N.Y. Sept. 30, 2024). But others have concluded the opposite. *See, e.g.*, *Romero v. 88 Acres Foods, Inc.*, 580 F. Supp. 3d 9, 19–21 (S.D.N.Y. 2022); *Guerrero v. Ellusionist.com, Inc.*, 2023 WL 3847402, at *4 (S.D.N.Y. June 6, 2023).

The Court finds the opinion of Judge Komitee in *Winegard* most persuasive and holds that the ADA does not apply to standalone websites. 556 F. Supp. 3d at 176–182. As that opinion exhaustively considers the proper construction of the statute, the Court does not reinvent the wheel here, but rather highlights the key reasons why *Winegard* correctly interprets the statute.

As mentioned above, the ADA by its text covers twelve categories of "public accommodations." 42 U.S.C. § 12181(7). Within each of those categories are several examples, totaling approximately fifty in total. Virtually all of them—from restaurants, to movie theaters, to parks, to bowling alleys—are establishments that exist primarily (or exclusively) in physical form.

In response, Fernandez musters a single counterexample: the statute's reference to a "travel service." 42 U.S.C. § 12181(7)(F). That counterexample is not persuasive. The statute was passed in 1990, when going to a travel agency in person to book a flight or vacation package was far more

common than it is today—so Congress likely was considering a physical travel agency. That's especially true when the other examples surrounding "travel agency" are considered: "a laundromat, dry cleaner, bank, barber shop, beauty shop," and other physical places. *Id.*; *see United States v. Williams*, 553 U.S. 285, 294 (2008) ("[A] word is given more precise content by the neighboring words with which it is associated.").

A second clue that the ADA does not apply to online-only establishments is the use the word "place" in the phrase "place of public accommodation." As *Winegard* noted, "[d]ictionaries overwhelmingly define 'place' to mean a physical location." 556 F. Supp. 3d at 179 (citing examples). And where the word "place" has been used in other statutes, it generally refers to physical locations. *See, e.g.*, *In re Cray, Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017) ("regular and established place of business" in the patent venue statute refers to a physical location).

While Fernandez argues that reading the ADA to focus on physical location would "frustrate Congress's purpose," Dkt. 14 at 17, the Supreme Court has long recognized that "no legislation pursues its purposes at all costs." *Rodriguez v. United States*, 480 U.S. 522, 525–26 (1987). "Legislation is, after all, the art of compromise," and a more limited scope might be a product of such a compromise. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 89 (2017).

Fernandez's citation to a report issued by the United States Department of Justice is similarly unpersuasive. Dkt. 14 at 19 (citing United States Department of Justice, *Guidance on Web Accessibility and the ADA* (Mar. 18, 2022), https://www.ada.gov/resources/web-guidance/). While she claims that the guidance "take[s] the position that the ADA applies to websites without a nexus to a physical location," Dkt. 14 at 19, the guidance says no such thing. Instead, it suggests that entities that are public accommodations must satisfy the ADA for "all the goods, services, privileges, or activities" they offer, "including those offered on the web." But the critical question in this case is whether a standalone website is a place of public accommodation in the first place, *not* whether the online channel of such a place is subject to the ADA. In short, the guidance speaks to the situation where a place of public accommodation *also* offers services online, such as a brick-and-mortar retailer with a website or a restaurant that allows patrons to order take-out online. That is not the case here.[1]

---

[1] In support of her reading of the guidance, Fernandez cites *Martinez v. Gutsy LLC*, 2022 WL 17303830, at *6–*7 (E.D.N.Y. Nov. 29, 2022). The Court respectfully disagrees with that decision. The *Martinez* court rested its reading on the fact that the guidance states that the ADA applies to "businesses open to the public." But that phrasing, read in context, is just an attempt to make the technical "public accommodation" phrasing more comprehensible for a non-legal audience. It does not say, let alone suggest, that "*any* 'business[] open to the public'" is covered by the ADA, as *Martinez* concluded. *Id.* at *7 (emphasis added). Such a suggestion would be tantamount to rewriting the statutory text. Had Congress intended for the ADA to cover any business open to the public, it certainly could have said so—and saved itself the bother of enumerating a list of fifty different types of entities.

Moreover, even if the guidance did cover standalone internet retailers, the Court would not defer to it for two additional reasons. First, the Court finds the text unambiguous and does not see the need to resort to extra-textual sources to discern its meaning. And second, while Fernandez states in conclusory fashion that the guidance is entitled to *Skidmore* deference, she does not explain why that is the case.

Taken together, the Court finds Fernandez's arguments—which parallel those made by courts that have applied the public accommodation provisions of the ADA beyond physical premises—unpersuasive. The Court therefore concludes that the ADA does not cover standalone websites. For that reason, Gainful's motion to dismiss Fernandez's ADA claims will be granted.

## II.    The Court declines to allow leave to amend the complaint

The Court next considers whether Fernandez should be given leave to amend her complaint. Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But whether leave should be granted is left to the discretion of the district court. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Here, the Court concludes that amendment would be futile. Because the Court concludes that the ADA does not cover the defendant in this case as a matter of law, no amount of re-pleading could rescue Fernandez's complaint. Although Fernandez includes a single sentence seeking leave to amend if the complaint is dismissed, Dkt. 14 at 19, she provides no argument as to why amendment would not be futile. Thus, the Court declines to allow leave for Fernandez to amend her complaint.

## III.    The court declines to exercise supplemental jurisdiction over plaintiff's NYCHRL claim

Although the Court concludes that the ADA's text does not support a claim against a standalone website, that analysis does not resolve the separate claim under the NYCHRL.[2] However, since all federal claims have been dismissed and Fernandez's state law claim was founded solely upon this Court's supplemental jurisdiction, Dkt. 1 ¶ 8, the Court has discretion to decline to exercise jurisdiction over the claim. 28 U.S.C. § 1367(c)(3). Gainful urges this court to decline supplemental jurisdiction, Dkt. 13-1 at 14–15; Fernandez does not express any position.

In deciding whether to decline to exercise supplemental jurisdiction, district courts consider "economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)). Typically, "if [all] federal claims are dismissed before trial," then "the state claims should be dismissed as well." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (alteration in

---

[2] Although Gainful suggests in passing that the analysis under the NYCHRL would be the same because it also requires a public accommodation, Dkt. 9-1 at 10–11, it does not cite any precedent demonstrating that the NYCHRL incorporates the ADA's definition of public accommodation. States, of course, are free to adopt a broader definition of "public accommodation" than the ADA. *See Boy Scouts of Am. v. Dale*, 530 U.S. 640, 657 (2000) (noting that the New Jersey Supreme Court has applied that state's public accommodation law "to a private entity without even attempting to tie the term 'place' to a physical location"). And unlike the ADA, which refers only to a "place" of public accommodation, the NYCHRL covers any "place *or provider*" of public accommodation, which New York courts could interpret to sweep more broadly. N.Y.C. Admin. Code § 8-107(4)(a) (emphasis added).

original) (quoting *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)). The Court finds that the four factors cited in *Catzin* favor declining to exercise jurisdiction.

Considerations of economy and convenience do not strongly point toward retaining jurisdiction nor declining to exercise it. Given that there are no surviving federal claims, there are no economies of scale in keeping the case in federal court. Nor do there appear to be any differences in convenience between the two courts. If the case proceeds, it will proceed as a standalone state-law case in either this Court or in state court.

However, principles of fairness and comity favor declining jurisdiction. Under the Court's ruling, plaintiff's federal claim could never have been brought in the first place. It would thus create some unfairness to allow Fernandez to manufacture federal jurisdiction by pleading fatally flawed federal claims to create backdoor federal jurisdiction. Further, whether the NYCHRL allows for disability-based claims against standalone websites is a question of state law over which the parties do not point to any controlling law. Principles of comity suggest that state courts should consider novel questions of state law in the first instance. The Court therefore declines to exercise supplemental jurisdiction over Fernandez's state-law claims.

## CONCLUSION

Gainful's motion to dismiss Fernandez's complaint is GRANTED. Fernandez's federal claims are DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over her state-law claims; those claims are DISMISSED WITHOUT PREJUDICE to their refiling in state court.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 13, and to close the case.

SO ORDERED.

Dated: December 10, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge